# United States Court of Appeals for the Fifth Circuit

---

No. 23-30676
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Tevin Timmons,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-113-1

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Tevin Timmons was sentenced to a total of 84 months of imprisonment after pleading guilty to possession with intent to distribute methamphetamine and possession of ammunition after a felony conviction. On appeal, he contends that the district court erred in applying a two-level

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.

We review the district court's application of an enhancement under § 2D1.1(b)(1) for clear error. *United States v. Guidry*, 960 F.3d 676, 681 (5th Cir. 2020). There is no clear error if the district court's factual findings are plausible in light of the record as a whole. *Id.*

The Sentencing Guidelines provide that a defendant's offense level is increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1). If the Government proves by a preponderance of the evidence that "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant," then the enhancement is applicable unless the defendant can show that "it was clearly improbable that the weapon was connected with the offense." *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014).

Despite Timmons's assertions to the contrary, the Government met its burden in demonstrating a temporal and spatial relationship between Timmons, the firearm, and drug trafficking. Here, the record reflects that the police found a backpack in the rear of the stolen vehicle that Timmons was driving containing drugs and a digital scale, a bag of bullets and a magazine in the rear passenger area, loose 9mm bullets in the driver's seat floorboard, and a firearm hidden under the carpet in the front passenger floorboard. Timmons conceded that he was leaning over the front passenger area of the vehicle when he was stopped by the police and that the drugs found in the vehicle were his. Further evidence was offered that the firearm was a Glock 9mm, that the loose bullets found on the driver's side of the vehicle were also 9mm in caliber, that the firearm had been converted from a semi-automatic pistol to a fully automatic weapon, and that the firearm was fully loaded with an extended magazine containing 30 rounds of ammunition.

No. 23-30676

Because Timmons fails to show that it was clearly improbable that the weapon was connected to the offense, the district court did not clearly err in imposing an enhancement under § 2D1.1(b)(1). *See Guidry*, 960 F.3d at 683.

    AFFIRMED.